UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAURA NEEB, | x | |
|    Plaintiff, | x | |
| | x | 3 03 CV 0307 (AVC) |
| vs. | x | |
| | x | |
| UNUM LIFE INSURANCE COMPANY | x | |
| OF AMERICA | x | |
|    Defendant | x | |
| | x | MARCH 29, 2004 |

### DEFENDANT'S FIRST MOTION FOR EXTENSION OF TIME TO FILE A DISPOSITIVE MOTION

Defendant Unum Life Insurance Company of America, by and through its attorney, the undersigned, moves for a forty-five (45) day extension of time in which to file a dispositive motion. Currently, dispositive motions are due to be filed on March 30, 2004. Should the Court grant the extension of time, dispositive motions will be due on May 17, 2004. For the reasons that are set forth below, granting this motion will not affect the date on which this case will be ready for trial. Because this is a claim arising under ERISA, there will be no trial at which the Court will hear witnesses. Rather, by applying controlling precedent in this Circuit, the Court will resolve the case via a bench trial on the administrative record.

This is Unum's first request for this relief. The undersigned has attempted to obtain plaintiff's counsel position on this request but has been unable to do so.

Unum intends to file a Motion for Judgment on the Administrative Record in lieu of a Motion for Summary Judgment.  The Second Circuit has stated that a Motion for Judgment on the Administrative Record is a favored method of resolving a dispute that arises out of an employee welfare benefit plan defined in 29 U.S.C. §1002(1).  See Muller v. First Unum Life Ins. Co., 341 F.3d 119, 125 (2d Cir. 2003).

Where as in this case an ERISA plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the administrator's denial of benefits is subject to a deferential, "arbitrary and capricious" standard of review.  Kinstler v. First Reliance Standard Life Ins. Co., 181 F.3d 243, 249 (2d Cir. 1999) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989)).  When an administrative determination is reviewed under the arbitrary and capricious standard, it is entitled to a "presumption of correctness[.]" Sullivan v. LTV Aerospace & Defense Co., 82 F.3d 1251, 1258 (2d Cir. 1996).

In a deferential case, the evidence available to a district court reviewing a plan administrator's decision is "limit[ed] . . . to the administrative record[.]"  Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995).  The administrative record is "the evidence that the fiduciaries themselves considered."  See Id.;  Klechar v. Metropolitan Life Ins. Co., 2003 U.S. Dist. LEXIS 9572, *27 (S.D.N.Y. 2003).  Therefore, in reviewing an administrator's decision in a deferential review case, the district court functions like an appellate court.  Larsen v. The Prudential Ins. Co. of America, 151 F. Supp. 2d 167, 172

(D. Conn. 2001) ("a district court reviewing an ERISA denial of benefits is effectively functioning in an appellate capacity because it is precluded from considering new evidence")*;* Rizk v. Long Term Disability Plan of Dun & Bradstreet Corp., 862 F. Supp. 783, 791 (E.D.N.Y. 1994) ("the district court sits in effect as an appellate court to determine whether the denial of ERISA benefits was arbitrary and capricious").  See also, Short v. Unum Life Insurance Company of America, 2003 U.S. Dist. LEXIS 22327 (D. Conn. 2003);Maniatty v. UnumProvident Corp., et al., 218 F.Supp.2d 500 (Rakoff, D.J.), *aff'd* 62 Fed. Appx. 413, 2003 U.S. App. LEXIS 9383 (2d Cir. May 15, 2003), cert. den. __ U.S. __, 157 L. Ed. 2d 310, 124 S. Ct. 431, 2003 U.S. LEXIS 7719, 72 U.S.L.W. 3280 (2003); Critchlow v. First Unum Life Ins. Co., 198 F. Supp.2d 318, 322 (W.D.N.Y. 2002), *aff'd* 340 F.3d 130 (2d Cir. 2003).

  Discovery closed with Unum responding to 123 requests for admission filed by the plaintiff.  Since then, the undersigned has been involved in depositions in Stamford, Connecticut, New York City, Nashville, Tennessee, Memphis, Tennessee, and Washington, D.C. in a case scheduled for trial in Chancery Court for Davidson County (Nashville) Tennessee entitled "American Industries Services, Inc., et al. v. Howard,"  01-4046-I(III).  Trial in that matter unquestionably will start on April 12, 2004.  In the past 30 days, the parties in that matter deposed approximately 12 witnesses.  The undersigned also has been preparing for trial in a matter before this court, U.S. v. Ardila, No. 3:03CR264 (AHN), a case that involves dozens of intercepted telephone calls, all in

3

Spanish, and hundreds –if not thousands– of pages of documents, that is scheduled for jury selection in early May. Furthermore, the undersigned has written and filed a reply brief in a matter before the Connecticut Appellate Court, <u>St. Onge, Steward, Johnston & Reens, LLC v. The Media Group, Inc.</u> AC 24287. This is all in addition to the day-to-day matters that arise in a litigator's practice.

    The requested extension of time will permit the defendant to prepare and present its Motion for Judgment on the Administrative Record which will, Unum submits, expeditiously resolve this dispute.

                          RESPECTFULLY SUBMITTED,
                          UNUM LIFE INSURANCE COMPANY OF
                          AMERICA

BY: _____
      Alexander H. Schwartz, Esq. (Ct 05773)
      3695 Post Road
      P.O. Box 701
      Southport, CT   06890-0701
      203.255.9829
      203.255.9839 (Fax)
      ITS ATTORNEY

## CERTIFICATION

I hereby certify that a true copy of the foregoing has been mailed this 29th day of March, 2004 to:

Jeffrey R. Heyel, Esq.
68 Main St.
Danbury, CT   06810

_____
Alexander H. Schwartz