UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| LAURA NEEB, | x | |
| Plaintiff, | x | |
|  | x | 3 03 CV 0307 (AVC) |
| vs. | x | |
|  | x | |
| UNUM LIFE INSURANCE COMPANY | x | |
| OF AMERICA | x | |
| Defendant | x | |
|  | x | November 2, 2004 |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

**I.   INTRODUCTORY STATEMENT**

Plaintiff's 62 page memorandum in "response" to Unum's pending Motion for Judgment on the Administrative Record is deficient in many respects. First, it is 22 pages longer than permitted by Local Rule 7(a)(2). Plaintiff has not sought or obtained the court's permission to file an over-sized memorandum. Next, without filing a separate motion, plaintiff uses the same "response" to ask for a judgment in her favor. She fails, however, to submit proposed findings of fact and conclusions of law to support of her argument that judgment should enter in her favor. This violates the court's Standing Order on Civil Trial Memoranda. On either ground, the court could and should deny the plaintiff's requested relief. Further, it should strike her memorandum, or the last 22 pages of it, from the record. American Lines, LLC v. CIC Insurance Company, 2004 U.S. Dist. LEXIS 21106 * 22 (D. Conn. 2004)("The Local Rules are not merely the hopes, dreams, or suggestions of this court; they make up the framework

within which cases are decided in this district."); Alexander v. City of New York, et al., 2004 U.S. Dist. Lexis 17042 * 37 (S.D.N.Y. 2004) (court strikes sur-reply filed without advance permission); Piazza v. Eckerd Corp, 2003 U.S. Dist. LEXIS 25089 * 9 n. 9 (W.D.N.Y. 2003)(Court strikes portions of memorandum in excess of limitations provided by local rule); see also, Varda, Inc. v. Insurance Company of North America, 45 F.2d 634, 640-41 (2d Cir. 1995).

Substantively, plaintiff's "response" fairs no better.  Plaintiff misinterprets or misunderstands, and then either intentionally or recklessly misstates the contents of the administrative record.  Therefore, her application of the law to the "facts," as she claims them to be, is inapplicable to the case at bar.  While its length is impressive, its contents are nothing other than confusing.  After studying her papers, however, it is nevertheless clear that Unum's decision, which is entitled to deferential review in this court, was clearly supported by reasonable evidence.  Unum is entitled to a judgment affirming its administrative decision.

## II.     SUMMARY OF THE PARTIES' POSITIONS

### 1.     Unum's Position

In its opening brief, Unum established that its review of the plaintiff's claim for disability benefits was multi-layered.  One consultant, a certified rehabilitation counselor, performed a vocational analysis of plaintiff's position in order to understand and advise Unum on the substantial and material duties of her occupation.  He advised Unum that even with the symptoms she demonstrated, plaintiff could still perform the material duties of her position.  Its medical consultants, two nurses and two physicians,

each compared the records of plaintiff's treatment in hospital emergency rooms with her description of the symptoms that brought her to those emergency rooms. They examined the records of her treatments with allergists during the preceding decade with the more contemporaneous records and reports of Dr. Marshall Grodofsky, a Connecticut board certified allergist and immunologist, whom plaintiff herself identified as "her" doctor. Those consultants then properly weighed those facts and opinions against those of Dr. William Rea, a Texas physician whose treatment plaintiff sought out after being told by Dr. Grodofsky that she would benefit from a psychological evaluation.

Unum's medical consultants described Rea's treatment plan and diagnosis to be "unconventional/ controversial," (AR 389), "iatrogenic" (Id), involved a "cornucopia" of treatments, many of which were "out of the mainstream," (AR 563), and stood in stark contrast to the "scientifically-based assessment" conducted by a much more accessible Connecticut board certified specialist. (AR 389). Those professionals advised Unum that the evidence on record established that plaintiff received the type of typical medical care an ordinary allergy sufferer would require and was atypical for someone with the severely allergic symptoms and reactions described by plaintiff and Dr. Rea. Ultimately, as was its right under ERISA, Unum concluded that its consultants' opinions and Dr. Grodofsky's methods and recommendations for treatment were more reasonable and appropriate than Dr. Rea's.

Once Unum determined that plaintiff was not disabled within the meaning of the Policy, it performed a further review through a separate decision-making unit. During

3

that review the plaintiff, her lawyers and her doctors were allowed to submit any new information she wished. Different benefits analysts at Unum then reviewed the medical and non-medical materials in the record. All in all, at least 9 different people at Unum were involved in the decision to deny plaintiff's application and its review on administrative appeal.

### B.   Plaintiff's Position

It is not easy to state plaintiff's position clearly, succinctly or with any real certitude that the attempt will produce a successful summary of what plaintiff hopes the court will understand her arguments to be.[1] Nevertheless, it appears that she claims Unum (1) is not entitled to this court's deferential review of its administrative decision; (2) breached its fiduciary duty to her; and (3) lacked substantial proof to support its denial of benefits. While she intertwines these theories into a document of gordian proportions, Unum will address what appear to be the underpinnings of plaintiff's arguments *seriatim* below.

---

[1] Plaintiff does not appear to appreciate that the court reviews this "discretionary review" case through the administrative record as it existed at the time Unum made the decision she challenges. The administrative record therefore does **not** include the materials plaintiff's current attorneys sent Unum 21 months after Unum made and affirmed its claims decision. See UACL 592-697. "A district court's review under the arbitrary and capricious standard is limited to the administrative record" that was considered by the administrator. Miller v. United Welfare Fund, 72 F.2d 1066, 1072 (2d Cir. 1995). Plaintiff's repeated references to Dr. Grodofsky's deposition (UACL 592-648) and the document she calls "Appeal of Plan Administrators [sic] Denial of Long Term Disability Benefits" (UACL 672-697) are therefore improper. It is doubly improper, if not outright hubris, for her to refer to the later document, which her current attorneys generated almost 2 years after Unum's challenged decision, as factual support for medical "facts" which she uses in support of her substantive arguments in her "reply." See, e.g. Plaintiff's Memorandum at p. 10, n. 31, 33; p. 11, n. 37, 38.

### III.  DR. GRODOFSKY DID NOT WORK FOR UNUM

Plaintiff argues that Unum acted improperly by requiring her to be treated by Dr. Grodofsky as a condition of receiving benefits under the Policy (Plaintiff's Memo at 30); improperly utilized Grodofsky's opinion in reaching its decision to deny benefits and thereafter in upholding its decision on administrative review in alleged violation of 29 C.F.R. 2560.503 (Plaintiff's Memo at 33); and did not know or disclose that Dr. Grodofsky had committed numerous acts of misfeasance and malfeasance against her (Plaintiff's Memo at 50-51).  By acting in these manners, plaintiff submits that Unum somehow lost the protection of the language of the Policy entitling it to deferential review in this court, breached its fiduciary duties to her, and lacked substantial evidence to support its position.

Marshall Grodofsky was a doctor plaintiff sought out for treatment. (AR 25-26, 99, 189, 314-15).  She told Unum that Dr. Grodofsky was her doctor. Id.  However she found Dr. Grodofsky,[2] it was not on account of Unum Life Insurance Company of America.  Any argument to the contrary is specious.  Plaintiff told Unum that Dr. Grodofsky had treated her for the conditions that brought about her alleged restrictions and limitation, and the administrative record supports those statements.  Using incorrect, extra-record information,[3] plaintiff mistakenly takes the position that Dr.

---

[2]  Plaintiff sought out Dr. Grodofsky through a referral from her health insurer, Foundation Medical Insurance.  (AR 99, 189, 314-15).

[3]  In his deposition, Dr. Grodofsky mistakenly testified that Unum hired him to examine the plaintiff for purposes of a disability evaluation. (UACL 620-26).  The administrative record clearly indicates that he was mistaken in this testimony, however.

Grodofsky was a Unum employee. Her theories are thereafter fatally infected with this error.

The plaintiff's legal claims, which in a proper case could have some merit, have none here. Dr. Grodofsky was plaintiff's doctor. He never worked for Unum. While Unum may have offered to compensate him for the time he spent discussing plaintiff's case with Unum's own medical consultant, Dr. Robert MacBride, that fact, standing alone, does not turn him into a Unum agent, employee or consultant. Unum's medical consultants, one of whom specialized in Occupational Medicine, suggested that Dr. Grodfosky's opinions were more worthy of belief than those of Dr. Rea, and Unum adopted that suggestion. Doing so was completely reasonable, appropriate and within the broad discretion of this ERISA administrator. The Black & Decker Disability Plan v. Nord, 538 U.S.822, 123 S. Ct. 1965, 1972, 155 L. Ed. 2d 1034 (2003). Contrary to plaintiff's argument, Dr. Grodofsky never participated in a round-table review of plaintiff's case.[4] Likewise, Unum did not retain Dr. Grodofsky to consult on the plaintiff's claim and then, once he had determined unfavorably towards her, violate ERISA by using him as a consultant to review her medical records on her appeal.[5]

---

Had the plaintiff process timely claimed that Dr. Grodofsky was a Unum employee or somehow was working for Unum, Unum would have dispelled that error quickly and easily.

[4] Plaintiff's citations to the administrative record only demonstrate that Dr. Grodofsky's opinions and conclusions were discussed, not that he actually participated in person in those discussions.

[5] Indeed, the administrative record proves that Unum complied with ERISA in this regard as well. Its medical consultant during the administrative review process,

6

Finally, Unum never required plaintiff to treat with him as a condition of her receiving Policy benefits, and it did not deny her benefits because she did not treat with him.[6]

## IV. PLAINTIFF'S REMAINING FACTUAL CHALLENGES ARE WITHOUT MERIT

Plaintiff's remaining challenges to Unum's conduct are not so easily classifiable, yet they can be dispatched as easily as her more definable positions.

Plaintiff appears to claim that the "undocumented" conversation between Drs. Grodofsky and McBride was improper in various and sundry ways. "There is nothing for an independent physician to review upon administrative appeal because whatever statements made by Grodofsky are given to us second hand and there is no new data or analysis." Plaintiff's Memo at 38. Plaintiff forgets that Unum's medical consultants studied the records and reports of the treatment plaintiff had received and sought clarification of issues that appeared to rise from those records. (AR 370-73). Dr. McBride took the initiative, spoke with Dr. Grodofsky, and thereafter wrote him a letter that concluded:

> I would ask that you contact me as soon as possible if I have not accurately characterized our discussion to ensure that our records are corrected....please

---

Lawrence Broda, M.D., was not the same consultant whom Unum had consulted in connection with the adverse benefit determination, Robert McBride, M.D. (AR 370-73; 389; 563-64).

[6] Sharon Haskell wrote, "Our review has found that we agree with Dr. Grodofsky's opinion and recommendations. Your contract requires that you have the most appropriate treatment for your condition." She wrote this in the context of her explanation that Unum believed that by undergoing treatment with Dr. Rea in Texas plaintiff had not sought or obtained "regular care" as the Policy defines that term. See Unum's Memorandum in Support of Motion for Judgment on the Administrative Record, at p. 30 n. 23.

7

>do not hesitate to contact us if you have any additional information you feel may be of assistance in the assessment of this disability claim.

(AR 375).[7] Unum reviewed McBride's summary of his discussions with Grodofsky along with the records and reports Unum received from him and all of plaintiff's other doctors. Unum did not make its decision solely on the content of McBride's letter to Grodofsky. It reached its conclusion that plaintiff had not sustained her burden of proving restrictions and limitations after viewing all the evidence that plaintiff presented in support of her claim.[8] It was imminently reasonable and appropriate for Unum to rely on this **documented** conversation in its subsequent review and analysis of plaintiff's claim.

Plaintiff also appears to claim that Unum did not provide her with a full and fair review of her claim and its denial of benefits because "the Defendant has never communicated the standards on which it has relied in rejecting the Plaintiff's claim....The administrative record does not contain any such standards." Plaintiff's

---

[7]The administrative record does not indicate that Dr. Grodofsky contacted Unum after receiving this letter to refute anything Dr. McBride wrote.

[8] Since Unum determined that plaintiff was not disabled as defined by the Policy, her claim that Unum improperly "expanded the cause of Laura Neeb's anaphylaxis to include both cayenne peppers and green peppers" is of no consequence. Plaintiff's Memo at 46-48. While Unum disagrees with plaintiff's characterization of the administrative record in this regard, it ultimately determined that plaintiff failed to present any objective evidence of disabling restrictions and limitations on account of any allergy. Therefore, the definition of the "source" of the allergy and the source(s) of plaintiff's allergic reactions is irrelevant to the court's inquiry.

8

Memo at 41.[9]  However, each communication Unum sent to plaintiff described the procedures Unum employed in its review of her claim, the materials it reviewed, the thought processes its personnel and consultants adopted during those reviews and, most predominantly, stated clearly that she failed to present any objective evidence of restrictions and limitations.  In doing so, Unum fully complied with ERISA.  Even if the court disagrees with Unum on this point,  (which Unum submits it could not), Unum's procedure in this case "substantially complied" with ERISA and therefore should be upheld.  See, Burke v. Kodak Retirement Income Plan, 336 F.3d 103, 107-09 (2d Cir. 2003) (Substantial compliance means beneficiary was "supplied with a statement of reasons that, under the circumstances of the case, permitted a sufficiently clear understanding of the administrator's position to permit effective review. Halpin v. W.W. Grangier, Inc., 962 F. 2d 685,  690 (2d Cir. 1992).

Plaintiff also appears to claim that Unum violated her rights to a "full and fair" review of her claim because she contends "Dr. Lawrence Broda could not have read the actual source data and instead relied upon casual unrecorded conversations to which Dr. Broda was not a party and digestions of the data that were prepared by a nurse."

---

[9]  Plaintiff recklessly claims that she asked Unum for help in satisfying these standards and "was simply rebuffed."  Plaintiff's Memo at 42.  What the administrative record actually reflects is that she asked Sharon Haskell, the Unum employee who reviewed her claim, "what happens if next review denied - told her I didn't have that answer, I don't handle the appeal, I don't know the entire process - they will directly notify her of their decision - sending ltr explaining - includes tel # for appeal dept - can call directly w/Qs. - OK." (AR 572).  Unum did not "rebuff" plaintiff.  Haskell referred her to the appellate department for an answer to her question, a question that dealt with the procedure, not the substance, of her appeal.

Plaintiff's Memo at 43.  Other than mere speculation, plaintiff offers no proof of her allegations.  In fact, Dr. Broda's review is itself *prima facie* evidence that it was not "cursory," and on its own it describes the materials he reviewed in preparing that document.  (AR 563-64).

Plaintiff also appears to claim that her rights to a full and fair review were violated when Unum "lied" to her about having --or not having-- Dr. Rea's records, and it "lost" Dr. Buffaloe's records. Plaintiff's Memo at 49-50.  While Unum is not sure what the plaintiff complains of, the administrative record demonstrates the following: Unum received a letter from Dr. Rea dated May 9, 2000 in which he described plaintiff's diagnosis, care and treatment, (AR 381-83), but the letter was not accompanied by objective data to support any of his conclusions. (AR 387).  Unum referred that letter to Dr. McBride for his review and advice.  (AR 388-89).  Plaintiff finally submitted the data Dr. Rea prepared in her September 26, 2000 appeal. (AR 419-560).  Unum therefore could not have "lost" Dr. Rea's data before October 2, 2000 because it did not have it to lose.

Insofar as Dr. Buffaloe is concerned, Unum is at a greater loss.  Unum attempted to obtain Dr. Buffaloe's records in March 2000 but was not successful because "the office is no longer open."  (AR 341).  By April, 2000, it appeared that Dr. Buffaloe's office would not respond to faxed and mailed contact.  Unum stopped trying to obtain plaintiff's records for her.[10]

---

[10] As Unum explained in its opening brief, the Policy and the law at all times place the burden on plaintiff to produce evidence and prove restrictions and limitations.

**CONCLUSION:**

For all the foregoing reasons, Unum's administrative determination should be confirmed; the Court should grant Unum judgment on the administrative record; and the complaint should be dismissed.

RESPECTFULLY SUBMITTED,
UNUM LIFE INSURANCE COMPANY OF AMERICA

BY: _____
Alexander H. Schwartz, Esq. (Ct 05773)
3695 Post Road
P.O. Box 701
Southport, CT   06890-0701
203.255.9829
203.255.9839 (Fax)
ITS ATTORNEY

**CERTIFICATION**

I hereby certify that a true copy of the foregoing has been mailed this November 2, 2004 to:

Jeffrey R. Heyel, Esq.
68 Main St.
Danbury, CT   06810

_____
Alexander H. Schwartz

---

Unum's Memo at 27-28